# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

VINCENT E. BOYD,

                                Plaintiff,

v.                                                          Case No. 11-CV-609-JPS

MARK HABECK,
CAROLYN J. SCHULTZ,
JEFFREY S. ALLEN, and
JEFFREY D. WOLK,                                            ORDER

                                Defendants.

The plaintiff, Vincent E. Boyd ("Boyd"), filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 and was granted leave to proceed *in forma pauperis*. He claims that the defendants denied him dental care when he was an inmate at the Winnebago County Jail ("Jail"), in violation of his constitutional rights. Defendant Mark Habeck ("Habeck"), who is a captain at the Jail, has filed a motion for summary judgment. Defendant Dr. Jeffrey D. Wolk, a private dentist represented by separate counsel, has also filed a motion for summary judgment.

The plaintiff has filed a letter stating that he will not be filing a response to Habeck's or Dr. Wolk's summary judgment motion. Both defendants filed letters requesting that the court enter judgment in their favors based on the plaintiff's non-response.[1] However, summary judgment may not be entered automatically upon a party's failure to respond. *See* Fed.

---

[1] Defendants Nurse Carolyn J. Schultz and Dr. Jeffrey S. Allen, who are represented by separate counsel, have also filed a motion for summary judgment. This motion is fully briefed and will be addressed in a subsequent order.

R. Civ. P. 56(e). Summary judgment cannot be granted by default even if there is a complete failure to respond to the motion. *See* Fed. R. Civ. P. 56(e) advisory committee note to 2010 amendments. Rather, the court must determine that the moving party is entitled to summary judgment.

1. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

2.    Factual Background

    2.1    Defendant Habeck's Motion

Habeck is employed as the captain of the Corrections Division of the Winnebago County Sheriff's Department and held that position at all times relevant to this matter. Habeck's duties at the Winnebago County Jail ("Jail") are supervisory, and any of his involvement in Boyd's complaints in this case was as a supervisor handling Boyd's grievances about dental treatments.

Boyd was an inmate at the Jail from June 12, 2010, to June 18, 2012. During that time, Boyd filed many grievances and has filed three separate lawsuits against Jail personnel. Habeck's involvement in the medical/dental issues referenced in Boyd's amended complaint was limited to handling two grievances and corresponding to Boyd.

Habeck's involvement with Boyd's dental issues began when Boyd submitted a March 31, 2011 grievance. In this grievance, Boyd indicated that Dr. Allen and a nurse had seen him in Dr. Allen's office for complaints of pain from what Boyd believed to be a wisdom tooth. It was Boyd's opinion that an oral surgeon should remove the tooth, and Dr. Allen and the nurse were of the opinion, after the examination, that surgical removal of the tooth was not necessary at that time. The grievance sought to compel removal of the tooth by an oral surgeon. Although Boyd disagreed with the course of treatment, the medical providers determined that tooth extraction was not necessary.

On April 5, 2011, Habeck denied in writing Boyd's March 31, 2011 grievance because, as the medical expert, the decision about treatment options and diagnoses was that of Dr. Allen. Habeck encouraged Boyd to speak with the Health Services Unit about obtaining his dental records from

other sources for review by Dr. Allen and to address further concerns with the jail physician at his next visit, which Habeck also scheduled for Boyd by adding his name to the list.

On April 13, 2011, Habeck provided a letter to Boyd, addressing various complaints and grievances. In this letter, Habeck informed Boyd that the medical staff was employed by Health Professionals Ltd. and that the persons to contact were Dr. Jeffrey Allen and RN Carolyn Schultz. Habeck also provided a direct address for Health Professionals Ltd.

In light of Boyd's complaints, he was sent to see Dr. Wolk, a dentist, on April 22, 2011. This off-site visit with Dr. Wolk was for examination of Boyd's lower wisdom teeth to determine whether they needed to be extracted. Dr. Wolk reported that the lower wisdom teeth were not an emergency and no immediate extraction was required.

On April 22, 2011, Boyd submitted another letter/grievance, this one concerning the visit to Dr. Wolk. Boyd complained that his wisdom tooth should be extracted and claimed that Dr. Wolk believed the teeth should have been taken out but it would not be done because of the cost. Habeck responded to Boyd's April 22, 2011 letter/grievance in an April 28, 2011 letter. Habeck explained to Boyd that it was the opinion of a dentist, Dr. Wolk, that the dental situation was not an emergency and treatment was not medically necessary at this time. Habeck also emphasized that the cost of treatment or ability to pay is not a determining factor to receive medically necessary treatment. Boyd was again informed that the treatment decisions would go through Dr. Allen.

With regard to Boyd's complaints and grievances about his dental care, Habeck ensured that Boyd was receiving medical and dental care, and

Case 2:11-cv-00609-JPS   Filed 02/12/13   Page 4 of 9   Document 86

that his complaints were being considered by medical and dental staff. Boyd was taken to two different off-site dentists and ultimately did not have the tooth extracted. As captain of the Jail, Habeck takes inmates' dental care seriously and believes that proper dental care was provided to Boyd.

### 2.2    Defendant Wolk's Motion

Dr. Wolk has been a licensed dentist in the State of Wisconsin since 1977 and has operated his own general dentistry practice in Oshkosh, Wisconsin, since then. He has never been the subject of any malpractice claims or suits, and his license has never been revoked, suspended, or limited in any manner. As a dentist in private practice, Dr. Wolk is not employed by the State of Wisconsin or the Winnebago County Jail. The Jail does refer the occasional inmate to his office for examination. He has seen approximately six such referrals, beginning in 2010.

Dr. Wolk examined Boyd on April 22, 2011. At that appointment,. Boyd indicated that he had pain in his lower left and right third molar areas. His number 17 molar was unerupted, and his number 32 molar was partially erupted, tissue impacted. However, oral hygiene was good with no visible plaque. Boyd had a normal range of opening and his gums were pink, with no exudate, no swelling, and no abscess. It was Dr. Wolk's conclusion, to a reasonable degree of certainty within his profession, that Boyd's condition did not present a dental emergency requiring extraction of the molars at that time. The presence of findings including abscesses, swelling, and limited range of mouth opening might suggest that removal of the subject molars may be necessary on an urgent or emergency basis. However, none of these symptoms or findings were present at the time of Dr. Wolk's April 22, 2011 examination of Boyd.

Case 2:11-cv-00609-JPS    Filed 02/12/13    Page 5 of 9    Document 86

Dr. Wolk recommended removal of Boyd's molars as a routine procedure to avoid the possibility of future problems. However, immediate extraction was not necessary. In this regard, Boyd's molars could have remained in the same condition existing at the time of Dr. Wolk's examination for years without constituting a dental emergency requiring immediate extraction. Dr. Wolk completed a health care referral form recommending that an oral surgeon remove the wisdom teeth as a routine procedure, but that the current circumstances did not present an emergency. He did not have any further contact regarding Boyd until he received a letter from him dated May 22, 2011, discussing the instant cause of action.

3.      Analysis

   3.1      Defendant Habeck's Motion

Habeck contends that Boyd cannot show he had a serious medical need that Habeck was aware of and that he was not deliberately indifferent to Boyd's medical needs. Boyd's claim arises under the Due Process Clause of the Fourteenth Amendment, which affords pretrial detainees the same protection against deliberate indifference as the Eighth Amendment guarantees to the convicted. *Smith v. Knox County Jail*, 666 F.3d 1037 (7th Cir. 2012) (citing *Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir. 2007)). Accordingly, when considering a pretrial detainee's claim of inadequate medical care, the analogous standard under the Eighth Amendment is often used. *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 764 (7th Cir. 2002) (citations omitted).

"The Eighth Amendment safeguards the prisoner against a lack of medical care that may result in pain and suffering which no one suggests would serve any penological purpose." *Arnett v. Webster*, 658 F.3d 742, 750

Case 2:11-cv-00609-JPS   Filed 02/12/13   Page 6 of 9   Document 86

(7th Cir. 2011) (quoting *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009) (internal quotation omitted)).  Prison officials violate the Constitution if they are deliberately indifferent to a prisoner's serious medical need.  *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).  A prisoner's claim for deliberate indifference must establish "(1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition."  *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (quoting *Arnett*, 658 F.3d at 750).

 If a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands.  *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005); *see also Arnett*, 658 F.3d at 755.  However, "nonmedical officials can 'be chargeable with…deliberate indifference' where they have 'a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner.'"  *Hayes*, 546 F.3d at 525 (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)).  Non-medical defendants cannot simply ignore an inmate.  *See Greeno*, 414 F.3d at 656 (stating that "[p]erhaps it would be a different matter if [the non-medical defendant] had ignored Greeno's complaints entirely, but we can see no deliberate indifference given that he investigated the complaints and referred them to the medical providers who could be expected to address Greeno's concerns."); *see also Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010) ("As a nonmedical administrator, [defendant] was entitled to defer to the judgment of jail health professionals so long as he did not ignore [the inmate].").

 In this case, Habeck reviewed Boyd's grievances regarding his medical care.  There is no indication that he had reason to believe that medical

Case 2:11-cv-00609-JPS   Filed 02/12/13   Page 7 of 9   Document 86

professionals were mistreating Boyd.  Thus, Habeck's motion for summary judgment will be granted.

### 3.2    Defendant Wolk's Motion

Dr. Wolk contends that Boyd did not present to him with a serious medical condition.  He also contends that he provided Boyd with appropriate dental care and not deliberate indifference.

As indicated, to show that Dr. Wolk was deliberately indifferent, Boyd needs to establish that they were aware of but intentionally or recklessly disregarded his serious medical need.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Hayes v. Snyder*, 546 F.3d 516, 522-23 (7th Cir. 2008).  The court defers to a medical professional's treatment decisions "unless 'no minimally competent professional would have so responded under those circumstances.'"  *Sain v. Wood*, 512 F.3d 886, 894-95 (7th Cir. 2008) (quoting *Collignon*, 163 F.3d at 988).  There is no evidence which might suggest that Dr. Wolk acted unreasonably.  Boyd visited Dr. Wolk one time; Dr. Wolk examined him and provided a recommendation based on that exam.  The record shows that Dr. Wolk's treatment of Boyd was grounded in professional judgment and was reasonable.  *See Jackson v. Kotter*, 541 F.3d 688, 698 (7th Cir. 2008); *Johnson v. Doughty*, 433 F.3d 1001, 1014 (7th Cir. 2006).  No reasonable factfinder could conclude that Dr. Wolk was deliberately indifferent to Boyd's medical need.  Therefore,

IT IS ORDERED that defendant Habeck's motion for summary judgment (Docket #59) be and the same is hereby GRANTED and defendant Habeck is DISMISSED with prejudice from this action.

IT IS FURTHER ORDERED that defendant Wolk's motion for summary judgment (Docket #69) be and the same is hereby GRANTED and defendant Wolk is DISMISSED with prejudice from this action.

Dated at Milwaukee, Wisconsin, this 12th day of February, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge